# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

J.B. HUNT TRANSPORTATION, INC.                              PLAINTIFF

v.                              Case No. 05-5164

STEVENS TRANSPORT, INC.                                     DEFENDANT

### ORDER

Now on the 19th day of June, 2006, comes on for consideration **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim (doc. 4).** The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiff, J.B. Hunt Transportation, Inc. ("J.B. Hunt"), originally filed this action on October 4, 2005 against the defendant, Stevens Transport, Inc. ("Stevens"). The complaint asserts that diversity jurisdiction exists and seeks a declaratory judgment.

2. The facts which serve as the basis for the Amended Complaint are described below:

\*    J.B. Hunt and Stevens are both engaged in the trucking business throughout the United States.  Complaint, ¶ 4.

1

* According to J.B. Hunt, Angela Horowitz, Vice President Driver Resources of Stevens Transport, wrote several letters to J.B. Hunt "accusing J.B. Hunt of intentional interference with contractual relations by allegedly 'hiring or soliciting those drivers who are under a contract with Stevens Transport.'" The letters further state that "Stevens Transport will take all appropriate legal action to enforce its rights." Complaint, ¶ 7.

* In addition, Stevens has refused to release certain employment information to J.B. Hunt regarding drivers it contends are under contract. Complaint, ¶ 8.

* J.B. Hunt denies that it has improperly interfered with the contractual relations of Stevens and its drivers. J.B. Hunt seeks a declaratory judgment:

> (a) "that J.B. Hunt's recruitment and employment of drivers under contract with Stevens Transport is not tortious interference with Stevens Transport's contractual relations or prospective business advantage;" and
>
> (b) "that even if J.B. Hunt's recruitment and employment of drivers under contract with Stevens Transport did interfere with Stevens Transport's contractual relations or prospective business

advantage, such interference is privileged or justified by competition." Complaint, ¶ 11.

3. Stevens now moves to dismiss J.B. Hunt's Complaint. Specifically, Stevens alternatively argues:

* that the $75,000 amount in controversy requirement for diversity jurisdiction has not been met;

* that the Court should exercise its discretion to refuse review of this declaratory judgment action; and,

* that there is no justiciable controversy.

4. J.B. Hunt has responded to Stevens' motion to dismiss and argues that a "justiciable controversy exists between the parties that is ripe for judicial determination." J.B. Hunt further states that it "is not seeking merely a preliminary declaration of law, rather it is facing a real, on-going dispute from which it is entitled to relief from this Court." Response, p. 6.

5. The Declaratory Judgment Act provides as follows: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. §2201.

The Supreme Court has held that a federal court has broad discretion in determining whether to exercise jurisdiction in a declaratory judgment. Wilton v. Seven Falls Co., 515 U.S. 277 (1995). The Eighth Circuit Court of Appeals recently examined the exercise of such discretion in Scottsdale Ins. Co. V. Detco Indust., Inc., 426 F.3d 994 (8th Cir. 2005). Specifically, in Scottsdale, the Court examined the discretion to exercise jurisdiction "when no parallel proceedings are pending in state court" and approved a "six-factor" test which should be applied when determining whether to exercise discretion over a declaratory judgment action. Id.[1] The relevant factors include:

(a) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue;"

(b) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding;"

(c) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;"

(d) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;"

---

[1] Proceedings are parallel if "'substantially the same parties litigate substantially the same issues in different forums.'" Scottsdale, 426 F.3d at 997 (citations omitted). Based on the pleadings of the parties, the Court finds that there are no parallel state court proceedings pending.

(e) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law;'"

(f) "whether the declaratory judgment action is being used merely as a device for procedural fencing.'"

Scottsdale, 426 F.3d at 998(citing Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419 (4th Cir. 1998).

In addition to the six-factor test adopted by the Eighth Circuit Court of Appeals, this Court notes that the federal courts have historically resisted declaratory judgment actions in certain circumstances – one such circumstance being actions brought by "putative tortfeasors . . . seeking a declaration that the injured parties cannot recover by reason of certain state-law affirmative defenses." Morrison v. Parker, 90 F.Supp.2d 876, 880 (W.D. Mich. 2000). *See also* BASF Corp. v. Symington, 50 F.3d 555 (8th Cir. 1995); Cunningham Bros. Inc. V. Bail, 407 F.2d 1165 (7th Cir. 1969).

6. In light of the information before it, the Court is not persuaded that the declaratory judgment sought will serve a useful purpose in clarifying and settling anything between these parties.

J.B. Hunt insists, in its complaint, that its actions -- past, present and future -- with respect to recruiting and hiring

Stevens' drivers, do not amount to tortious interference of contract and asks the Court so to declare.  It further insists that even if its actions should be found to amount to tortious interference of contract, those actions were privileged or justified by competition.

Before the Court could make the requested declarations, there would need to be a factual inquiry since the alleged actions of J.B. Hunt would need to be evaluated with respect to each and every driver allegedly affected.  Further, until the facts are evaluated, it would be impossible to predict the substantive law relevant to J.B. Hunt's actions in each specific incident.  Accordingly, applying the required factors, the Court concludes that the issues presented by the J.B. Hunt's complaint are not appropriate for issuance of a declaratory judgment and will exercise its discretion by declining to do so.

It follows that **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim (doc. 4)** should be, and it hereby is, **granted.** *See* Scottsdale Ins. Co. V. Detco Indust., Inc., 426 F.3d 994 (8th Cir. 2005); BASF Corp. v. Symington, 50 F.3d 555 (8th Cir. 1995).

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE